UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FRED WEINSTEIN,

                     Plaintiff,

        - against -

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION, and NEW YORK
CITY DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES,

                     Defendants.
-------------------------------------------------------------X

__-CV-____

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

        Plaintiff, Fred Weinstein, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants, City of New York, New York City Department of Sanitation, and New York City Department of Citywide Administrative Services, and alleges as follows:

## NATURE OF THE CASE

        1.     This is an action for employment discrimination based on race under 42 U.S.C. § 1981, race and religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and based on race, religion, and disability in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et. seq.*  By this action, the Plaintiff demands all remedies available in law and equity, including but not limited to, compensatory damages, punitive damages, lost wages, and attorney's fees and costs.  The Plaintiff demands a trial by jury.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the Plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

4.      This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PROCEDURAL PREREQUISITS

5.      Plaintiff filed charges of discrimination upon which this complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC on or about May 17, 2016, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.      This Action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8.      Plaintiff **Fred Weinstein** is a citizen of New York and resides in Bronx, New York.

9.      Defendant **City of New York** ("City") is a municipal corporation organized and existing under, and by virtue of, the laws of the State of New York.  The Corporation Counsel of the City is Zachary Carter.  The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007.

10.     Defendant **New York City Department of Sanitation** ("DSNY") is an instrumentality or agency of the City of New York, with its principal headquarters located at 51 Chambers Street, New York, NY 10007.

11.     Defendant **New York City Department of Citywide Administrative Services** ("DCAS") is an instrumentality or agency of the City of New York, with its principal headquarters located at One Centre Street, 17th Floor South, New York, NY 10007.

## FACTUAL ALLEGATIONS

12.     Mr. Weinstein began working for DSNY on or about September 15, 2014, as a Sanitation Worker.  He earned approximately $18.75 per hour.  His annual income was roughly $39,000.

13.     Mr. Weinstein was a good his employee and performed all of his duties well.  Mr. Weinstein never received any complaints regarding his work performance from any supervisors.  Mr. Weinstein had a perfect attendance record.

14.     In or about June 15, 2015, roughly nine months after Mr. Weinstein began as a Sanitation Worker, he received a letter from DCAS stating that DCAS had opened up an investigation into Mr. Weinstein regarding his employment application to the City.  Specifically, DCAS was investigating Mr. Weinstein's prior criminal convictions and questions about them on his application.

15.     Mr. Weinstein had previously been convicted of five misdemeanors, all of which were for non-violent offenses, and the last of which occurred in 2012.  Mr. Weinstein was convicted of one felony, for possession of drugs, in 1995.

16.     On or about June 19, 2015, Mr. Weinstein spoke on the phone with Mawhy Kaba, a DCAS investigator.  While on the phone, Ms. Kaba asked Mr. Weinstein, "are you a Jew?"

Shocked by this question, Mr. Weinstein responded, "yes I am a Jew. I white male Jew. Why does that matter?" Ms. Kaba simply responded, "That's what I needed to know" and then hung up.

17.     In or about late July, 2015, Mr. Weinstein received a letter from Ms. Kaba which contained a "proposed action plan for termination." Mr. Weinstein showed the letter to his union representatives.

18.     On or about July 27, 2015, Brian Garland, another sanitation worker in the same title and position as Mr. Weinstein, approached Mr. Weinstein and asked about the letter Mr. Weinstein received from DCAS. Mr. Weinstein showed Mr. Garland the letter. Mr. Garland then went to his locker and took out a similar letter that he had received from DCAS. Mr. Garland was also being investigated by DCAS for allegedly failing to report prior criminal convictions.

19.     Mr. Garland is African-American. Upon information and belief, Mr. Garland is not Jewish.

20.     Mr. Garland explained to Mr. Weinstein that Mr. Garland had received the letter in February 2015 and had been dealing with the investigation process. However, as Mr. Garland explained to Mr. Weinstein, suddenly in April of 2015 the DCAS investigators' attitudes towards him became significantly more friendly and practically overnight the investigation into Mr. Garland ended and Mr. Garland was found qualified for work.

21.     On April 1, 2015, the Equal Employment Opportunity Commission ("EEOC") issued a $245 Million probable cause determination against DCAS for employment discrimination violations of Title VII against blacks and Hispanics. (EEOC Charge No. 520-2014-00608).

22.     Upon information and belief, DCAS ceased their investigation of Mr. Garland in April 2015 solely because of this EEOC determination and because Mr. Garland is African-American.

23.     Mr. Weinstein spoke with Mr. Weitz, DCAS Investigator Supervisor, in or about August 2015. Mr. Weinstein explained that he was unaware that he had filled out the application incorrectly. Mr. Weinstein further explained that the font on the application was extremely small, and that Mr. Weinstein had trouble reading the application, and so any errors were most likely a result of his poor eyesight. As proof of this, Mr. Weinstein told Mr. Weitz that after completing his application for the City, Mr. Weinstein subsequently failed the City's eye exam, which prompted Mr. Weinstein to obtain prescription eye glasses.

24.     However, Mr. Weitz began to laugh at Mr. Weinstein and mock his statements regarding his poor eyesight.

25.     Mr. Weinstein then went to DCAS to meet with Mr. Weitz to fill out a statement. Mr. Weitz told Mr. Weinstein, "I hope you don't plan on writing about your eye impairment in your statement because you won't prevail." Mr. Weitz then began to laugh at Mr. Weinstein again.

26.     Upon completing the paperwork, Mr. Weitz turned to Mr. Weinstein and stated, "You're a convict, and I hate convicts. And if it was up to me none of you convicts would be working. You remind me of a convict, a hospital worker named Exum, who slipped through my fingers and you're not going to." Mr. Weitz then walked Mr. Weinstein to the door and stated, "expect the worst" and then yelled, "get the hell out."

27.     Upon information and belief, "Exum" was a former City employee who had a criminal record. In the case Matter of Exum v. NYC Health and Hospitals Corporation, 2012 NY Slip Op 52078, a City employee named Exum had his dismissal from the City overturned by the

Civil Service Commission.  This reinstatement was later upheld by the New York State Supreme

Court in Kings County.  Mr. Weitz is directly mentioned in that decision.

28.     Mr. Weinstein was terminated a few weeks after this meeting with Mr. Weitz.

29.     Mr. Weinstein received signed letters from six of his supervisors all attesting to the

fact that Mr. Weinstein was an excellent employee.

30.     Plaintiff was treated differently than his similarly situated co-worker, Brian

Garland, purely on the basis of Plaintiff's race and religion.

31.     Plaintiff was mocked and ridiculed based on his disability, near-sightedness.

Plaintiff was further terminated, in whole or in part, due to his disability.

32.     As a result of defendant's unlawful conduct, Plaintiff has suffered economic and

non-economic injuries including last wages, and physical and emotional pain and suffering.

## FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER § 1981

33.     Plaintiff repeats and realleges each paragraph above.

34.     42 U.S.C. § 1981 prohibits discrimination on the basis of race with regard to a

person's employment.

35.     As alleged herein, Defendants City, DCAS, and DSNY were employers of Plaintiff

within the meaning of § 1981.

36.     As alleged herein, Defendants discriminated against Plaintiff when they treated him

differently than they did his similarly situated co-worker on the basis of Plaintiff's race (white,

Jewish.)

37.     As a result of this discrimination, the Plaintiff has suffered economic and non-

economic injuries, including lost income and benefits, mental and emotional pain and suffering,

and other compensable injuries, for which he is entitled to an award of reinstatement, back pay,

front pay, compensatory damages, attorney's fees and costs, and all other legal and equitable relief provided by § 1981.

## SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

38.     Plaintiff repeats and realleges each paragraph above.

39.     Title VII prohibits discrimination on the basis of race and religion with regard to a person's employment.

40.     As alleged herein, Defendants City, DCAS, and DSNY were employers of Plaintiff within the meaning of Title VII.

41.     As alleged herein, Defendants discriminated against Plaintiff when they treated him differently than they did his similarly situated co-worker on the basis of Plaintiff's race and religion.

42.     As a result of this discrimination, the Plaintiff has suffered economic and non-economic injuries, including lost income and benefits, mental and emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of reinstatement, back pay, front pay, compensatory damages, attorney's fees and costs, and all other legal and equitable relief provided Title VII.

## THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

43.     Plaintiff repeats and realleges each paragraph above.

44.     The NYCHRL prohibits discrimination against employees on the basis of an employee's race, religion, and disability.

45.     As alleged herein, Defendants City, DCAS, and DSNY were employers of Plaintiff within the meaning of the NYCHRL.

46.     As alleged herein, Defendants discriminated against the Plaintiff when they treated him differently than his similarly situated co-worker on the basis of Plaintiff's race and religion.

47.     As alleged herein, Defendants discriminated against the Plaintiff on the basis of his disability when they mocked his disability and terminated Plaintiff because of his disability.

48.     As a result of the Defendants' unlawful conduct, Plaintiff has suffered economic and non-economic injuries, including lost income and benefits, mental and emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of reinstatement, back pay, front pay, compensatory damages, attorney's fees and costs, and all other legal and equitable relief provided by the NYCHRL.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Fred Weinstein hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 and the New York City Administrative Code § 8-107;

B.  Awarding damages to Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D.   Awarding Plaintiff punitive damages;

E.   Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of

the action;

F.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just

and proper to remedy the Defendants' unlawful employment practices.


Dated: July 28, 2016
        New York, NY


                                        Respectfully submitted,


                                        David S. Schwartz (DS5982)
                                        Dorina Cela
                                        Phillips & Associates, PLLC
                                        45 Broadway, Suite 620
                                        New York, NY 10006
                                        Tel: (212) 248-7431
                                        Fax: (212) 901-2107
                                        Dschwartz@tpglaws.com
                                        Dcela@tpglaws.com

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Fred P. Weinstein<br>2116 Davidson Ave.<br>Bronx, NY 10453 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2016-00668 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)          Charging Party wishes to pursue matter in Federal District Court.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

May 17, 2016
(Date Mailed)

Enclosures(s)

cc:

| CITY OF NEW YORK, DEPARTMENT OF CITYWIDE<br>One Center Street, 20th fl.<br>New York, NY 10007<br>Attn: Jennifer Shaw, Asst. General Counsel | Phillips & Associates<br>Attn: David S. Schwartz, Esq.<br>45 Broadway, Suite 620<br>New York, NY 10006 |
|---|---|